**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| ROBERT MORROW, )<br>)<br>Petitioner, )<br>v. )<br>)<br>MIKE MULLIN, WARDEN, )<br>)<br>Respondent. ) | Case No. CIV-09-723-M |

**REPORT AND RECOMMENDATION**

In this habeas corpus action filed pursuant to 28 U.S.C. § 2254, Petitioner, Robert Morrow, challenges his state court conviction and sentence in Case No. CF-2005-6368, District Court of Oklahoma County, State of Oklahoma.  Respondent has not addressed the merits of the Petition.  Rather, Respondent has moved for dismissal (*see* Doc. ## 7-8), contending the Petition is time-barred pursuant to the applicable statute of limitations, 28 U.S.C. §2244(d).  Petitioner has filed a response to the Motion (*see* Doc. # 12), and the matter is at issue.  The matter has been referred for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C).  For the reasons set forth below, it is recommended that Respondent's Motion to Dismiss be granted and that the Petition be dismissed as untimely pursuant to 28 U.S.C. § 2244(d).

**I.   Background**

On May 17, 2006, Petitioner was sentenced pursuant to a plea of guilty in Oklahoma state court on multiple drug-related counts.  *See* Petition at 1, ¶ 5; *see also* Respondent's Brief in Support, Exhibit 1, state court docket, Case No. CF-2005-6368 at 13.  Petitioner was

sentenced to eight years imprisonment on each of six of the counts and one year imprisonment on each of two of the counts, all sentences to run concurrently. *See* Respondent's Brief in Support, Exhibit 4, OCCA Order Affirming Denial of Second Application for Post-Conviction Relief at 1-2 (reciting case facts and procedural history).

Petitioner brings a single ground for federal habeas relief. He claims he received ineffective assistance of counsel because counsel did not properly inform him with respect to his guilty plea. According to Petitioner, he agreed to plead guilty based on an understanding that Count 7 – Possession of a CDS in the Presence of a Child Under 16, After Former Conviction of Two or More Felonies – had been dismissed. Petitioner further claims he was never advised that under Oklahoma law, a conviction on this offense rendered him ineligible for earned credits or parole until serving 50% of his sentence. *See* Petition at 4-5.

## II.   Analysis

Under 28 U.S.C. § 2244(d), there is a one-year limitation period that governs a state prisoner's right to file an application for a writ of habeas corpus. The period begins to run from "the latest of" four dates. For purposes of the instant petition, Respondent has addressed, in the alternative, two of the triggering dates: "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review,"*see* 28 U.S.C. § 2244(d)(1)(A) and "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence", *see id.*, § 2244(d)(1)(D).

### A.    Application of § 2244(d)(1)(A)

Petitioner did not file a motion to withdraw his guilty plea and, therefore, his conviction became final on May 27, 2006, ten days after the entry of the judgment and sentence. *See* Rule 4.2(A), Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18 (requiring defendant to file an application to withdraw guilty plea within ten days of the judgment and sentence in order to commence an appeal from any conviction on a plea of guilty). Under the provisions of § 2244(d)(1)(A), Petitioner had one year from May 27, 2006, to challenge his conviction. Petitioner did not file his § 2254 petition until July 13, 2009, well after the one-year period expired.

Petitioner is not entitled to statutory tolling of the limitations period. *See* 28 U.S.C. § 2244(d)(2) (providing that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation"). Petitioner did not seek post-conviction relief until July 16, 2007, nearly two months after the expiration of the limitations period. *See* Respondent's Motion, Exhibit 1, state court docket at 41. A collateral petition filed in state court after the limitations period has expired no longer serves to toll the statute of limitations. *See Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) ("Only state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations."), *cert. denied*, 551 U.S. 1149 (2007). Thus, Petitioner's post-conviction proceeding, commenced after the expiration of the limitations period, did not toll the limitations period.

**B.      Application of 28 U.S.C. § 2244(d)(1)(D)**

Respondent has addressed, in the alternative, the timeliness of Petitioner's claims pursuant to § 2244(d)(1)(D). Petitioner claims his understanding of the guilty plea was that the charges in count 7 – possession of a controlled dangerous substance in the presence of a child under age 16 in violation of Okla. Stat. tit. 63, § 2-402(C)(1) – had been dismissed. Under Oklahoma law, a person convicted of this offense "shall serve a minimum of fifty percent (50%) of the sentence received prior to becoming eligible for state correctional institution earned credits toward the completion of said sentence . . . ." Okla. Stat. tit. 63, §2-402(C)(1). Petitioner claims his guilty plea was not knowing and voluntary because he thought this charge had been dismissed and further, he was never advised of the limitation on his eligibility for earned credits. Petitioner claims had he known his guilty plea included this offense and had he been properly advised about the limitation on his eligibility for earned credits, he would not have entered a plea of guilty.

Petitioner does not state when he first became aware of the limitation on his eligibility for earned credits, alleging only that it was after he was received into custody by the Oklahoma Department of Corrections (ODOC). According to the official ODOC website, Petitioner's reception date for the convictions at issue was February 1, 2007. *See* Oklahoma Department of Corrections, Offender Lookup, available at http://doc.state.ok.us/offenders. Respondent contends the factual predicate of Petitioner's claim arose at the latest five months

later, on July 16, 2007, the date Petitioner filed his first application for post-conviction relief.[1]

In responding to the Motion to Dismiss, Petitioner does not refute the date alleged by Respondent as the date on which the factual predicate of his claim arose. Nor does Petitioner attempt to provide the Court with a more specific date concerning when he became aware of the limitation on his eligibility for earned credits. The Court, therefore, faced with this limited record, utilizes July 16, 2007, as the date on which the claim presented "could have been discovered through the exercise of due diligence."

Applying statutory tolling, the record shows Petitioner filed an application for post conviction relief on July 16, 2007, and the district court denied the application on July 24, 2007. Petitioner had thirty days within which to appeal the district court's denial to the OCCA but did not file an appeal. The limitations period, therefore, was tolled from July 16,

---

[1] In choosing this date, Respondent relies upon a finding of the OCCA affirming the denial of Petitioner's Second Application for Post-Conviction Relief. *See* Respondent's Brief in Support, Exhibit 4, OCCA Order Affirming Denial of Second Application for Post-Conviction Relief. The OCCA was called upon to decide whether Petitioner had alleged "sufficient reason" for failing to raise his ineffective assistance of counsel claim in his first post-conviction proceeding. Addressing this issue, the OCCA made the following finding:

> For his sufficient reason, Petitioner alleges that it was not 'until after [he] was in DOC' that he learned he would have to serve 50% of his Count 7 sentence before being eligible for earned credits. [citation omitted]. Petitioner does not state the date of when that event occurred; however, the post-conviction appeal record indicates that Petitioner was at a DOC facility at the time he filed his first post-conviction application. Petitioner therefore apparently knew of the earned credit restriction on Count 7 when he filed his first post-conviction application, and he therefore could have raised each of his current post-conviction claims in that first application.

*Id*. at 3-4. Petitioner has not challenged the validity of the OCCA's finding.

2007, through August 23, 2007, thirty days after the date of the district court's denial. *See Gibson v. Klinger*, 232 F.3d 799, 804 (10th Cir. 2000) ("[R]egardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner could have sought an appeal under state law."). The one-year limitations period expired on August 23, 2008. Although Petitioner filed a second application for post-conviction relief, he did so on December 12, 2008, after the limitations period expired and, therefore, no further statutory tolling occurred. Accordingly, under the alternative triggering date of § 2244(d)(1)(D), Petitioner's instant petition, filed on July 13, 2009, is untimely.

### C. Equitable Tolling

The Tenth Circuit limits equitable tolling of the one-year limitation period to "'rare and exceptional' circumstances." *Burger v. Scott*, 317 F.3d 1133, 1141 (10th Cir. 2003) (*citing Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000)). "Equitable tolling is appropriate, for example, when a prisoner is actually innocent, when an adversary's conduct -- or other uncontrollable circumstances -- prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period." *Burger*, 317 F.3d at 1141, *citing Gibson*. But equitable tolling is "only available when an inmate diligently pursues his claims and demonstrates that the failure to

timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000).[2]

Although neither party has addressed whether equitable tolling of the limitations period is appropriate, in objecting to Respondent's Motion, Petitioner appears to assert his actual innocence as to Count 7, stating that he "was not even around the children when he got arrested . . . ." *See* Objection [Doc. #12] at 2. Petitioner's claim of actual innocence is too vague and conclusory to support equitable tolling. *Compare Clemens v. Sutter*, 230 Fed. Appx. 832, 834-835 (10th Cir. May 2, 2007) (unpublished op.) (petitioner's habeas challenge to conviction pursuant to guilty plea was untimely and allegations of actual innocence were insufficient where petitioner did not identify new reliable evidence affirmatively demonstrating his innocence) (*citing Schlup v. Delo*, 513 U.S. 298, 324 (1995)). Under the facts presented, therefore, equitable tolling of the limitations period is unwarranted.

## **RECOMMENDATION**

It is recommended that Respondent's Motion to Dismiss [Doc. ## 7-8] be granted and the Petition be dismissed as untimely.

---

[2]The Supreme Court has not specifically decided whether equitable tolling applies to time limits for filing federal habeas petitions by state prisoners but has assumed arguendo that equitable tolling is available. *See Lawrence v. Florida*, 549 U.S. 327 (2007). In *Lawrence*, the Court referred to the standards for equitable tolling articulated in *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005), requiring a petitioner to show that she has been pursuing her rights diligently and that some extraordinary circumstances prevented her from making a timely filing. *Lawrence*, 544 U.S. at 336.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636.  Any objections must be filed with the Clerk of the District Court by October  20th , 2009.  *See* Local Civil Rule 72.1.  Failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein.  *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation disposes of all matters referred by the District Judge in this case and terminates the referral.

DATED this  30th  day of September, 2009.

_____
VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE